## WELLS FARGO & CO. v. ZIMMER.

### (Circuit Court of Appeals, Eighth Circuit. March 9, 1911.)

### No. 3,455.

1. NEGLIGENCE (§ 136*)—INJURY TO PERSON ON STATION PLATFORM—JURY QUESTIONS.

Whether plaintiff was struck by defendant express company's truck while walking along a station platform *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 136.*]

2. NEGLIGENCE (§ 61*)—CONCURRENT CAUSES—INJURY TO PERSONS ON STATION PLATFORM—LIABILITY.

If an express company employé's negligence contributed to injury of a person struck by a truck while walking along a station platform, the company is liable, though negligence of outsiders who assisted in pushing the truck contributed to the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. § 61.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 273*)—INSTRUCTIONS—EXCEPTIONS—TIME FOR TAKING.
Exceptions to instructions must be taken before the jury retires.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680-682; Dec. Dig. § 273.*]

4. NEW TRIAL (§ 6*)—APPEAL AND ERROR (§ 977*)—DISCRETION.
An order granting or refusing a new trial, which the court has power to make, is discretionary, and cannot be reviewed by writ of error or appeal.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6;* Appeal and Error, Cent. Dig. §§ 3860-3865; Dec. Dig. § 977.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Ernest L. B. Zimmer against Wells Fargo & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert E. Olds (Frank B. Kellogg and C. A. Severance, on the brief), for plaintiff in error.

Frank D. Larrabee (Otto N. Davies, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

WM. H. MUNGER, District Judge. [1] Plaintiff was upon a depot platform in the city of Minneapolis, Minn., to meet a friend expected to be on an incoming train. As the train came into the depot, plaintiff walked forward upon the platform toward the rear of the train, and while walking along he alleges that he was struck in the back and calf of the leg by a truck, pushed against him by one Patterson, the agent of defendant. By reason of being so struck he sustained the injuries complained of.

Evidence on the part of plaintiff was to the effect that plaintiff was struck from behind upon the back and calf of the leg and thrown forward against one Erpenbach, who was directly in front of him. Plaintiff immediately on regaining his balance turned back, and saw Patterson moving the truck and no other person about the truck. Erpenbach, as soon as plaintiff was thrown against him, turned around and saw Patterson moving the truck and no other person with him. On the part of defendant the testimony was that the truck did not strike the plaintiff, but passed to one side of him, and, further, that two other persons, by the name of Chapman and Alexander, not in the employ of defendant, participated with Patterson in the movement of the truck. It is claimed on the part of defendant that there is no evidence to show that the truck did in fact strike the plaintiff, as neither plaintiff nor his witness Erpenbach saw the truck hit plaintiff, and that it cannot be said that defendant was shown to have been guilty of any negligence except by applying the doctrine of res ipsa loquitur. It is apparent from the evidence that there was nothing about the platform which could have struck plaintiff in the back and leg as claimed excepting the truck in question, which was being pushed in the rear of plaintiff, and we think the evidence in this respect of such a substantial

character as to justify submitting to the jury whether or not the plaintiff was injured by reason of the truck of defendant striking him in the back and upon the calf of the leg. [2] It is claimed by defendant that even though the injury to plaintiff was caused by reason of the truck striking him as alleged, inasmuch as the preponderance of the testimony showed that Chapman and Alexander assisted in the movement of the truck, it cannot be determined from the evidence whether the negligence alleged was that of Patterson or Chapman or Alexander. The testimony is clear, however, that Patterson had hold of the handle of the truck, guiding its movement, and the case was by the court submitted to the jury upon the question of the negligence of Patterson; the court telling the jury in effect that, if Patterson in moving the truck was free from negligence, then the defendant was not liable; that if plaintiff sustained the injury alleged by reason of the truck striking him, and his being struck by the truck was because of negligence on the part of defendant's agent Patterson, then defendant would be liable. In this respect the charge of the court was as follows:

"If you determine that Patterson himself was guilty of negligence in pushing the truck and that such negligence contributed to any injury which Zimmer then received, of course, the negligence of Chapman or Alexander is no defense for the express company in this action. It makes no difference how negligent Chapman was, and it makes no difference how negligent Alexander was, if Patterson himself was negligent and this negligence in handling the truck contributed to the accident, then the plaintiff is entitled to recover."

This was a correct announcement of the law. The defendant would not be relieved from liability, if its agent Patterson was negligent, because the negligence of third parties co-operated with such negligence in producing the injury to plaintiff. For one whose negligence concurs in producing an injury to another is liable to the party injured. Shearman & Redfield on Neg. (5th Ed.) §§ 31, 122.

Complaint is made to various portions of the instructions of the court, and especially to that which eliminated or took from the jury all question as to the negligence of Chapman and Alexander. We cannot consider, however, any of defendant's exceptions to the court's instructions for the reason that they were not taken in time. The court instructed the jury on the 22d day of December, 1909, the jury returned their verdict on the 23d, and judgment was entered thereon on that day. Exceptions were not taken to the instructions until the 28th day of February, 1910—two months after the trial. [3] Whatever may be the practice in the state court, in the federal court exceptions to instructions must be taken at the time and before the jury retires. Bracken v. Union Pac. Ry. Co., 5 C. C. A. 548, 56 Fed. 447; St. L., I. M. & S. Ry. Co. v. Spencer, 18 C. C. A. 114, 71 Fed. 93; Mountain Copper Co. v. Van Buren, 66 C. C. A. 151, 133 Fed. 1; Hindman v. First Nat. Bk., 50 C. C. A. 623, 112 Fed. 931, 57 L. R. A. 108.

[4] Defendant filed an application for a new trial, based not only upon errors of law occurring during the trial, but chiefly upon newly discovered material evidence, which could not with reasonable diligence have been found and produced upon the trial. This application

was heard on May 23d upon numerous affidavits filed to support and controvert the same. On June 3d the application was denied; the journal entry of the court reading as follows:

"This cause came on to be heard before the court on May 23rd, 1910, upon motion of the defendant for a new trial. After considering the evidence produced at said hearing, the arguments of counsel thereon, and the other evidence presented at said hearing, with the briefs of counsel thereon, it is now ordered that said motion be and the same is hereby denied."

"An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary and cannot be reviewed by a writ of error or appeal in the federal courts." City of Manning v. German Ins. Co., 46 C. C. A. 144, 107 Fed. 52.

Plaintiff in error cites and places reliance upon the case of Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917. In that case the trial court excluded the affidavits offered in support of the motion for a new trial. The Supreme Court announced the rule of law as being that the allowance or refusal of a new trial rests in the sound discretion of the court, which cannot be made the subject of review by writ of error, but held that, as the trial court excluded the affidavits in support of the motion and did not consider them, the court in that respect committed an error and the action of the court in excluding the evidence offered in support of the motion for a new trial was subject to review.

In the case before us the court received the affidavits in evidence and based its ruling upon full consideration thereof, and its judgment overruling the motion is not subject to review.

The judgment is affirmed.