NORTHERN CENTRAL COAL CO. v. MILBURN et al.†

(Circuit Court of Appeals, Eighth Circuit.    April 25, 1913.)

No. 3,867.

1. APPEAL AND ERROR (§ 1050*)—REVIEW—RULINGS ON EVIDENCE—PREJUDICE.

Where, in an action for death of a miner by the fall of part of the roof, due to defendant's failure to provide props, there was evidence that the place for delivery of props and the place where they were customarily delivered, was where the empty cars were received by the miners, defendant was not prejudiced by the admission in evidence of a clause in a contract between defendant and a miner's union requiring that all necessary timbers and rails should be delivered by the company where the miner receives his empty car.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

2. TRIAL (§ 95*)—RECEPTION OF EVIDENCE—OBJECTIONS—MOTION TO STRIKE.

A motion to "strike out that answer" referred to and was limited to the last answer of the witness prior to the motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 250; Dec. Dig. § 95.*]

3. MASTER AND SERVANT (§ 274*)—DEATH OF SERVANT—MINES—PROPS—EVIDENCE.

In an action for death of a miner by the falling of part of a roof, evidence of a witness that the mine boss did not countenance the setting of big entry timbers by the miners, unless directed to do so, was admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 939–949; Dec. Dig. § 274.*]

4. COURTS (§ 356*)—PROCEDURE—MOTION FOR NEW TRIAL—REVIEW.

Denial of a motion for a new trial by a federal court is not reviewable by an appellate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

5. TRIAL (§ 273*)—RULINGS ON INSTRUCTIONS—EXCEPTIONS—TIME.

Exceptions regarding requests for instructions, and as to the charge of the court, are ineffective, when not taken until after the jury has retired.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682; Dec. Dig. § 273.*]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Thomas Milburn and another against the Northern Central Coal Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Willard P. Cave, of Moberly, Mo. (George A. Mahan, of Hannibal, Mo., on the brief), for plaintiff in error.

F. W. Neeper, of Hannibal, Mo. (Aubrey R. Hammett, of Huntsville, Mo., on the brief), for defendants in error.

Before SANBORN, Circuit Judge, and WILLIAM H. MUNGER and TRIEBER, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied September 26, 1913.

SANBORN, Circuit Judge.  The statutes of Missouri provide that the owner or operator of any mine shall keep a sufficient supply of timber as props, so that the workmen may at all times be able to secure the workings from caving, shall send such props down when required, that a right of action shall accrue for a failure to comply with this provision, and if loss of life is caused by such a failure a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any person or persons who were, before such loss of life, dependent for support on the person or persons so killed.  Thomas Milburn and his son, Temple J. Milburn, an unmarried boy about 16 years of age, were working for Northern Central Coal Company in a mine which it owned and operated, when a heavy rock fell, from the roof of the room in which they were working, upon and killed the boy.  His father and mother brought this action, on the ground that the father had repeatedly requested timbers and props of the defendant to secure the roof of the room in which he and his son were working, but the company had failed to furnish them, and that the death of the son was caused by this failure.  The defendant denied the allegations of the petition tending to charge it with liability, and alleged that the risk of the accident was assumed by Temple J. Milburn and his father, and that the accident was caused by their negligence.  There was a trial, and a verdict and judgment against the company.

[1]  The first alleged error specified is the admission in evidence of a clause of what purported to be a contract of District No. 25, Operators and Miners, which read in this way:

"That all necessary timbers and rails shall be delivered by the company at the place where the miner receives his empty car."

The objection to the admission of this evidence was that the defendant's liability was measured by the statute on which it was founded.  Conceding that the objection was well grounded, and that it was error to receive the clause in the contract, the statute does not specify where the props shall be delivered, and the testimony was that the place for their delivery and the place where they were customarily delivered was where the empty car was received.  Thus it conclusively appears that no prejudice to the company resulted or could have resulted from the introduction of the portion of the contract received, and error without prejudice is no ground for reversal.

The plaintiff had testified that he had repeatedly requested the defendant for props five feet long, and that he had not received any.  On cross-examination he had testified that there were some entry timbers lying near the entrance to this room that were six feet long and from six to ten inches in diameter at the small end, that he could not use these timbers for props without cutting off portions of them, that they were not his, that they belonged to the entryman, and that he was not permitted to use them without authority from the company.  Louis Johnson subsequently testified, and it is specified as error that the court refused to grant the motion recited at the close of the following extract from the record:

"Mr. Hammett: Q. What, if any, experience did you have with the defendant's pit boss or agents in charge with reference to setting these entry timbers in your room and receiving pay from them? (Objected to by defendant as incompetent.)

"The Court: State, if you know, when these timbers were set there, and after being set there, was there any price fixed by the company for the work done?

"A. I set three in my place, and the boss came in to measure up, and I asked him for pay for it, and he said he didn't instruct me to set them, and he wouldn't pay me for them, and I just let it go.

"The Court: He said he didn't instruct you?

"A. He said he hadn't told me to set them.

"Mr. Hammett: Q. Those were big entry timbers you speak about?

"A. Yes, sir.

"Mr. Mahan: We move to strike out that answer.

"The Court: I will not sustain that motion; because there is testimony here tending to prove that the miners were not of their own volition authorized to take the timber and set them, without they were authorized or directed by the company.

"Mr. Mahan: We except to the ruling."

[2, 3] But the motion reaches no farther than the answer to the question asked by Mr. Hammett relative to the size of the timbers, and the answer to that question was certainly competent and material evidence. No exception was taken to either of the answers to the questions by the court, and no motion was made to strike them out, and, if there had been, there would have been no error in denying it, for they presented competent evidence of facts material to the issue of the right of the plaintiff Milburn to use the entry timbers without permission.

[4] The twelfth specification is that the court denied the defendant's motion for a new trial; but that ruling is not reviewable in a federal appellate court. The thirteenth challenges the denial of a motion in arrest of judgment, and the fourteenth the entry of judgment; but there is no foundation for either of them, and no reliance was placed upon them in the brief or argument.

[5] The remaining specifications assail the refusal of the court to give to the jury certain requests for instructions and various parts of the charge of the court. But the record conclusively shows that none of the exceptions to these rulings was taken until after the jury retired. Exceptions regarding requests for instructions and the charge of the court, taken subsequent to the retirement of the jury, present no question for review in the federal appellate courts. Wells Fargo & Co. v. Zimmer, 186 Fed. 130, 132, 108 C. C. A. 242, and cases there cited.

The judgment below must be affirmed; and it is so ordered.