## HERMAN v. MARKHAM AIR RIFLE CO.

(District Court, E. D. Michigan, S. D. November 4, 1918.)

### No. 5706.

1. WEAPONS ⊜18(1)—NEGLIGENT SALE OF AIR RIFLE BY MANUFACTURER.

A manufacturer, who, without examination, sold to a wholesaler a loaded air rifle, discharged at a retailer's employé by a prospective customer, believing that it was not loaded, both vendees being ignorant of its condition, *held* guilty of negligence.

2. WEAPONS ⊜18(1)—NEGLIGENT SALE OF AIR RIFLE—PROXIMATE CAUSE OF INJURY.

Where defendant manufacturer of air rifles negligently permitted a loaded rifle to be sold to a wholesaler, who resold it to a retailer, in whose store it was discharged at a clerk by a prospective customer ignorant of its condition, defendant's negligence was the proximate cause of the injury, and the customer's act was not an independent intervening cause.

3. NEGLIGENCE ⊜61(1)—PROXIMATE CAUSE—CONCURRENT CAUSES.

One who negligently puts into operation a train of events which is likely to lead, in a continuous sequence, to an injury which is the natural and probable result of the original act, is liable, although the injury was immediately caused by last link in chain of events.

4. WEAPONS ⊜18(1)—MANUFACTURER'S LIABILITY FOR NEGLIGENT SALE OF AIR RIFLE—PRIVITY.

A manufacturer, failing to make proper inspection before selling a loaded air rifle discharged at a retailer's employé by a prospective customer of the retailer buying it from a wholesaler without knowledge of its condition, is liable for the injury, although there is no privity of contract between the person injured and the manufacturer.

Action by Rose Herman, a minor, by Maurice Herman, her next friend, against the Markham Air Rifle Company. On demurrer to the declaration. Demurrer overruled.

Millis, Griffin, Seely & Streeter, of Detroit, Mich., for plaintiff.
Paul W. Voorheis, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This matter comes before the court on a demurrer to the declaration in an action of trespass on the case. The declaration, which contains three counts, alleges in substance that the defendant, a resident of Michigan, is a manufacturer, dealer, and vendor of a certain air rifle known as the "King air rifle," and advertised by the defendant as a harmless instrument for the amusement of young persons and others; that the defendant so advertised, manufactured, and sold such air rifle in large quantities to the public,

and thereby induced a belief in the minds of the public generally, and in the mind of the plaintiff, a resident of Illinois, that the same was harmless to handle and without danger to life or limb; that defendant sold a quantity of such rifles to a wholesale dealer in St. Louis, Mo., for the purpose, as was well known to the defendant, of resale to other dealers, and for the purpose of ultimately being handled in retail stocks and sold to individual customers; that it then and there became and was the duty of the defendant to use reasonable care to ship such air rifles not loaded and without any shot therein, but the defendant disregarded such duty, and negligently shipped to such wholesale dealer for such resale a certain air rifle loaded with shot; that such dealer, being unaware of the presence of such shot, resold the rifle to a certain retail dealer, who, being likewise ignorant of the fact that the rifle contained shot, placed the same in his stock and in charge of the plaintiff, who was employed as a stockkeeper and saleswoman in his store; that while this air rifle was so in charge of the plaintiff in such store it was handled by a certain prospective customer or visitor, who, believing that it was not loaded and was harmless, and being ignorant of the fact that it contained shot, proceeded to handle it and pulled the trigger, discharging said shot, which violently struck plaintiff, while she was exercising due care, and destroyed the sight of her right eye and endangered the sight of the other eye, so that it will probably be also lost, whereby plaintiff has suffered certain damages specifically claimed.

The three counts are identical, except that in the first count the negligence alleged consists in the careless shipment of the air rifle with the shot therein; in the second count the negligence charged is the failure to use reasonable care not to permit any shot to be placed and left in such air rifle, and the consequent negligent causing and permitting such shot to be so placed and left in the air rifle while it was being shipped; and in the third count the negligence counted on is the alleged failure to make proper examination and inspection of the air rifle, to ascertain that no shot had been placed or left therein before its shipment.

The demurrer sets forth several objections to the sufficiency, in law, of the declaration, which may be conveniently grouped under three general grounds, as follows: First, that such declaration does not allege any actionable negligence on the part of the defendant; second, that the facts therein stated fail to show that any negligence of the defendant was the proximate cause of the injury complained of; and, third, that such facts fail to show that the defendant owed to the plaintiff any duty to exercise reasonable care in the premises. These grounds will be considered in the order named.

[1] 1. It seems to me plain that the averments in the declaration just referred to sufficiently allege actionable negligence on the part of the defendant. No case has been cited, and I have discovered none, holding that one who sells an air rifle, capable of causing the injury inflicted upon this plaintiff, loaded with shot, and without a proper examination to discover whether it be so loaded, and without warning as to its condition, is, as a matter of law, not guilty of negligence.

The authorities cited by defendant to the effect that the sale of firearms, like this rifle, does not constitute negligence, are obviously not in point, as there is a wide difference between the furnishing to the public of such weapons in their usual condition, to be loaded by the user, and the furnishing of such a weapon already loaded and ready to inflict serious injury. It seems to me too plain for argument that if the allegations in this declaration are true, and the defendant, after advertising this air rifle as a harmless instrument, loaded it with shot, or failed to use ordinary care to find and remove such shot, and then sold the rifle in this dangerous condition to a purchaser, who was without knowledge of the danger and believed, as the defendant must have known he would believe, that it was unloaded, and would naturally pass it on to some other person in that condition, the defendant did not exercise the care which an ordinarily prudent person would have exercised under such circumstances. Certainly, if the evidence on the trial of an action should disclose such a state of facts, the court would not be justified in directing a verdict for the defendant on the ground that reasonable men could not from such evidence properly infer negligence. I have no doubt that the declaration alleges actionable negligence on the part of the defendant, and the contention to the contrary must be overruled.

[2, 3] 2. It is urged by the defendant that, conceding that it was guilty of negligence as alleged, such negligence was not the proximate cause of the injury sustained by plaintiff. It is insisted that the act of the person who handled the air rifle, in causing it to be discharged at the plaintiff, was such an independent and intervening cause as to be the proximate cause of the injury, so that the original negligence, if any, of the defendant, became the remote cause of such injury.

I cannot agree with this contention. I think it clear that the circumstances surrounding the discharge of this weapon, and the consequent injury to the plaintiff, were what an ordinarily prudent person would and should expect to follow as a consequence of the act of placing upon the market this loaded gun. I am satisfied that the inflicting of this injury upon the plaintiff by the person mentioned, under the circumstances shown, was the natural and probable result of the negligence of the defendant, assuming that its acts in the premises constituted negligence. The mere fact that the act of the defendant did not directly and immediately cause this injury does not, of course, render such act any the less the proximate cause of such injury. It has been well settled, from the time of the famous "Lighted Squib" Case down to the present day, that one who by his negligent act puts into operation a train of events which is likely to lead, in a continuous sequence, to an injury which is the natural and probable result of his original act, so that there is a natural causal connection between the two, is responsible for such injury, notwithstanding the fact that the latter may have been directly and immediately caused by the last link in this natural chain of events. Milwaukee & St. Paul Railroad Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Ætna Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395; The Joseph B. Thomas, 86 Fed. 658, 30 C. C. A. 333, 46 L. R. A. 58; Teis v. Smuggler Mining

Co., 158 Fed. 260, 85 C. C. A. 478, 15 L. R. A. (N. S.) 893; City of Winona v. Botzet, 169 Fed. 321, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204. If, therefore, the defendant was guilty of negligence in shipping this loaded air rifle under the circumstances alleged, the act of this person in discharging the rifle at the plaintiff was only incidental to, and the natural and probable result of, such negligence, which was the proximate cause of the injury resulting.

Nor is the situation affected by the fact, if, as strenuously insisted by defendant, it be a, fact, that the person actually discharging the rifle in question was also guilty of negligence in pulling the trigger without ascertaining whether the rifle was loaded, or in pointing it toward the plaintiff.

At most, such negligence would be merely a concurring cause of the injury, co-operating with the negligence of the defendant to produce it, and would not relieve defendant from liability therefor. Grand Trunk Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; Memphis Consolidated Gas & Electric Co. v. Creighton, 183 Fed. 552, 106 C. C. A. 98; Wells Fargo & Co. v. Zimmer, 186 Fed. 130, 108 C. C. A. 242; Pacific Telephone & Telegraph Co. v. Hoffman, 208 Fed. 221, 125 C. C. A. 421.

[4] 3. Finally, it is contended by defendant that, as there was no privity of contract between it and the plaintiff, it owed the latter no duty of care in connection with the sale of this air rifle, and that consequently it cannot be held responsible to the plaintiff for the injury suffered by her. If the article sold by the defendant were an ordinary commodity of merchandise not essentially dangerous to the safety of the user thereof, there would be much force in this contention. This loaded air rifle, however, sold by the defendant under the circumstances disclosed, was an article inherently and imminently dangerous to human safety, as the result of its sale in this case conclusively shows; and it is well settled that the manufacturer or vendor of an article of this dangerous character is not relieved from liability for injury resulting from its negligence in connection with the preparation or sale of such article by the fact that there was no privity of contract between it and the person so injured, but in such a case defendant is liable for any injury caused by such negligence, subject, of course, to the rules of law applicable to negligence, contributory negligence, and proximate cause. National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621; Huset v. J. I. Case Threshing Machine Co., 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303; Marquardt v. Ball Engine Co., 122 Fed. 374, 58 C. C. A. 462; Riggs v. Standard Oil Co. (C. C.) 130 Fed. 199; Standard Oil Co. v. Parrish, 145 Fed. 829, 76 C. C. A. 405; Keep v. National Tube Co. (C. C.) 154 Fed. 121; Cadillac Motor Car Co. v. Johnson, 221 Fed. 801, 137 C. C. A. 279, L. R. A. 1915E, 287, Ann. Cas. 1917E, 581; Ketterer v. Armour & Co., 247 Fed. 921, 160 C. C. A. 111, L. R. A. 1918D, 798.

For the reasons stated, an order will be entered overruling the demurrer and requiring the defendant to plead to the declaration within the usual time.