**Orval Lloyd SKINNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17310.**

United States Court of Appeals Eighth Circuit.

Jan. 24, 1964.

Donald E. Leonard, Lincoln, Neb., made argument for appellant and filed brief.

Bernard Sprague, Asst. U. S. Atty., Omaha, Neb., made argument for appellee and Theodore L. Richling, U. S. Atty., Omaha, Neb., was with him on the brief.

Before VOGEL, MATTHES and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This is an appeal from an order of the District Court denying appellant Orval Lloyd Skinner's motion to vacate judgment and sentence under 28 U.S.C.A. § 2255.[1]

In 1941 appellant pleaded guilty in two separate proceedings before different judges of the District Court in Lincoln, Nebraska. The pleas were to separate indictments of aggravated bank robbery under 18 U.S.C.A. § 2113. On May 27, 1941 District Judge Munger, in Case No. 1987, sentenced appellant to twenty years imprisonment for armed robbery of the Saline State Bank in Wilber, Nebraska; while for a like offense against the Home State Bank at Louisville, Nebraska, District Judge Donohoe, on November 18, 1941, in Case No. 2007, sentenced appellant to a term of fifteen years, to run consecutively upon expiration of the sentence imposed for the prior conviction. Appellant took no appeal from either conviction.

Having served twenty-one years of his sentence, appellant instituted his motion pro se under § 2255, and the court below appointed counsel to represent him in the prosecution of the ensuing hearing before District Judge Van Pelt.

Appellant's motion sought redress based on the following allegations:

(1) The sentencing judge in Case No. 1987 stated that appellant's sentences for all charges pending against him should run concurrently and not consecutively.

1. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

&ast; &ast; &ast; &ast; &ast;

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

(2) The United States Attorney promised appellant leniency prior to his plea of guilty in Case No. 1987.

(3) Appellant and his court appointed counsel were allowed insufficient time to consider his case before his plea of guilty was entered and sentence imposed in Case No. 2007.

(4) Appellant was denied the right to speak in his own behalf before sentence was imposed in Case No. 2007 as provided under Rule 32(a), Federal Rules of Criminal Procedure.

Appellant and former U. S. Deputy Marshal Joseph R. O'Grady, present at both sentencings, were the only known surviving witnesses to testify in the hearing below with respect to appellant's allegations.

According to appellant, after his arrest in St. Louis, Missouri, in 1941, he was assured by F.B.I. agents who interrogated him that if he waived appearance before a United States Commissioner, returned voluntarily to Nebraska and pleaded guilty to the charges against him, he would receive sentences not exceeding twenty years. Appellant stated that prior to entry of his guilty plea before Judge Munger, the U. S. Attorney indicated to him that he understood the consideration promised appellant. Appellant averred that after pleading guilty to the Wilber bank robbery, Judge Munger imposed a twenty year sentence, informed him that he would have to be arraigned on the Louisville bank robbery indictment and any other charges against him at a later date, but that these courts would probably regard the sentence received (in Case No. 1987) sufficient punishment. Subsequently, appellant testified that he was returned to the District Court in Lincoln upon his petition and agreement to plead guilty to the remaining indictment for the Louisville robbery, Case No. 2007, but was prevented from appearing before Judge Munger who suffered an illness from which he never recovered. He was replaced on the bench by Judge Donohoe. Hesitant to plead guilty there-fore, appellant asserted that Judge Donohoe entered a not guilty plea for him, but that he nevertheless that same day pleaded guilty after a very brief consultation with court appointed counsel who advised same and assured appellant he would speak in his behalf before sentencing. Appellant contended that he was not afforded an opportunity to present all that had transpired in Judge Munger's courtroom with reference to the assurances of leniency and concurrent sentences before Judge Donohoe imposed an additional fifteen year sentence and ordered appellant removed from the presence of the court.

The testimony of former U. S. Deputy Marshal O'Grady was in sharp conflict with that of appellant and, on most of the issues raised here, amounted to categorical denials of appellant's testimony. For example, O'Grady testified that he recalled the conversation between the appellant and the U. S. Attorney in Judge Munger's courtroom prior to appellant's entering his guilty plea. He stated that he was seated near the appellant and the U. S. Attorney during their conversation with reference to appellant's pleas in both cases and that the U. S. Attorney informed appellant there was at that time only one charge pending against him. O'Grady recalled no promises of leniency made to appellant by the U. S. Attorney. This witness also testified that he stood beside appellant in the courtroom during his sentencing and that Judge Munger did not make any of the remarks attributed to him by appellant. O'Grady observed that in one thousand or more criminal cases which he had witnessed in Judge Munger's court, he had never heard Judge Munger make any such statements to a defendant as appellant contends were made to him. As to the appellant's charge he was allowed an insufficient time to confer with his court appointed counsel prior to his pleading guilty in Case No. 2007, O'Grady recollected that appellant and his counsel were together for a period of time up to one hour before appellant

tendered his plea. O'Grady further testified that before imposing sentence "Judge Donohoe asked Mr. Hines (appellant's counsel) and the defendant if they had anything to say to the court why sentence should not be pronounced at that time". O'Grady recalled that appellant's counsel made a statement but that appellant did not take advantage of his opportunity to speak. In conclusion, O'Grady testified that during his twelve years as Marshal, with many appearances before Judge Donohoe, to the best of his recollection Judge Donohoe always asked the defendants at the time of sentencing if they desired to speak. Naturally neither witness could recall, after twenty-one years had elapsed, the exact language that was used, but Deputy Marshal O'Grady specifically remembered appellant's case not only because it was an aggravated crime, being a daylight bank robbery, but more particularly because O'Grady had been called upon to assist in the dragnet for the Louisville bank robber's capture.

In short, the testimony on the issues before us is contradictory. Appellant acknowledged that he was ably represented in the hearing below by court appointed counsel. The District Judge's memorandum indicates careful consideration was given to all of the evidence, but appellant failed to maintain his burden of proof in that he did not establish his allegations by a preponderance of the evidence.

■ Cases involving a collateral attack on a criminal conviction under § 2255 are analogous to habeas corpus proceedings and have been described by this Court as special civil rather than criminal proceedings. It is well settled in this type of proceeding that the petitioner has the burden of establishing a basis for relief. Taylor v. United States, 229 F.2d 826, 832 (8th Cir. 1956), cert. denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956); Martin v. United States, 273 F.2d 775 (10th Cir. 1960).

■ Appellant challenged the admissibility of O'Grady's testimony concerning the customs or habits of Judges Munger and Donohoe in the discharge of their judicial functions. However, this witness' undisputed testimony that during his twelve years of employment as a marshal, he had observed both these judges in the performance of their duties in numerous criminal proceedings, satisfies the criterion for the evidence's admissibility by establishing a regularity of action permitting the inference to be drawn by the trier of facts that the acts claimed to have been done, or not done, coincided with the habit. See Commercial Standard Ins. Co. v. Gordon's Transports, 154 F.2d 390 (6th Cir. 1946); Thatenhorst v. United States, 119 F.2d 567 (10th Cir. 1941); Standard Oil Co. v. Parrish, 145 F. 829 (7th Cir. 1906).

■ Thatenhorst, supra, 119 F.2d at 571, announces the rule regarding the latitude on admission of evidence in cases tried to the court without a jury:

"In the trial of cases to the court, without the intervention of the jury, much latitude is given to the admission of evidence, and unless it is clearly shown that the court excluded evidence which would ultimately affect, or which might cause the court to reach a different conclusion, the judgment of the trial court on the admission or exclusion of evidence should not be disturbed. Jennings v. United States, 5 Cir., 73 F.2d 470; Maryland Casualty Company v. Reid, 5 Cir., 76 F.2d 30. In the determination of the question of whether or not the trial court committed error in the admission or exclusion of evidence, appellate courts will look only to the question of whether or not there is manifest injustice. Jennings v. United States, supra; Wigmore on Evidence, 2d Ed., pp. 121, 122, 166, 167, 168; 5 Corpus Juris Secundum, Appeal and Error, § 1642."

■ The record clearly indicates that there was sufficient evidence irrespective of any consideration of that related to the customs and habits of the trial judges to justify the trial court's conclusion. In the instant proceedings, appellant

does not deny his guilt or the truthfulness of his confession, so the only question before this Court is an examination of the sufficiency of the evidence supporting the findings in the hearing below. We have held upon appellate review of proceedings under § 2255, that the reviewing court will not reverse unless the findings of the trial court are clearly erroneous. Clayton v. United States, 302 F.2d 30 (8th Cir. 1962).

The District Court's findings were not clearly erroneous in view of the aforementioned supporting evidence. Therefore, the order dismissing appellant's motion is affirmed.

Mr. Donald E. Leonard of Lincoln, Nebraska served under District Court appointment in the representation of defendant at the hearing below and on this appeal. This Court appreciates his competent and diligent representation.