James C. BAKER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17579.

United States Court of Appeals Eighth Circuit.

July 28, 1964.

James C. Baker, pro se.

F. Russell Millin, U. S. Atty., and Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., submitted printed brief without oral argument, for appellee.

Before VOGEL, MATTHES, and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellant, a federal prisoner, appeals from an order denying his motion (§ 2255, Title 28 U.S.C.A.) to vacate the judgment and sentences imposed for armed robbery of a federally-insured bank (18 U.S.C.A. § 2113(a), (d)) and conspiracy in violation of 18 U.S.C.A. § 371.

It was on December 13, 1962 that appellant, with court-appointed counsel, appeared in the sentencing court and executed a written "waiver of indictment and consent to the filing of an information" charging the above offenses. Thereafter, appellant entered a plea of guilty to both such charges and was sentenced to the custody of the Attorney General for a period of twenty (20) years for the bank robbery offense, and five (5) years for conspiracy, to be served concurrently. On that same day appellant was transported to the Federal Penitentiary at Leavenworth, Kansas, (where he is now confined) to commence service of his sentences.

Five and one-half months later (May 20, 1963) appellant filed a verified § 2255 motion, alleging that he "was psychotic and schizophrenic before, during and after imposition of sentence"; so much so, that "he did not know nor can (he) remember whether or not he violated the laws" with which he was charged, or having "committed said offense; that he (did) not intelligently waive any of his constitutional rights and was unable to assist counsel at the time of trial, because of his insanity," etc. At the same time, appellant filed a "Motion Requesting The Honorable Richard M. Duncan to Disqualify Himself from Passing Upon the Merits of (his) Motion to Vacate Sentence," and requesting the Judge to "consent to appear as a witness for" appellant at the hearing on such motion.[1] That was denied.

In due course, counsel for the Government filed suggestions in opposition to appellant's motion, *ante*. Thereafter, on petition of Government's counsel, a writ of habeas corpus ad testificandum was issued and appellant appeared in his sentencing court on July 1, 1963, at the initial hearing held on his § 2255 motion. At that hearing, appellant was without counsel. After informing the Court that he did not desire to testify in support of his motion—the Government proceeded to introduce evidence in refutation of the allegations made in appellant's verified motion. At the conclusion of that hearing, appellant informed the Court that he desired to call certain witnesses to give testimony in his behalf, but because of his confinement in the penitentiary he had not had any opportunity to have such persons subpoenaed. Whereupon, appellant was directed to make known, which he did, the names of all parties whom he desired to call as witnesses in his behalf, so that subpoenas could be issued for their appearance at a continued hearing on his motion which would be, and was, held on August 12, 1963.

1. The motion was in the following form:
"Comes now, James C. Baker, respectfully moves the Court to withdraw from further determination of the above-numbered cause pursuant to Criminal Rule 25 for the petitioner respectfully requests that the Honorable Richard M. Duncan will consent to appear as a witness for the defendant to give certain

testimony in his behalf as to matters which transpired during the trial and sentencing proceedings.
"It is respectfully suggested that the Court in all fairness cannot act as Judge and witness for the defendant.
"Therefore, should reassign this case to another Court."

At that continued hearing, appellant was again present in the District Court. The eight witnesses he had requested to be summoned were present and examined by appellant, the Court, and Counsel for the Government. At the conclusion of that hearing, ruling on appellant's § 2255 motion was taken under advisement. On January 6, 1964, District Judge Duncan by memorandum order (41 pages, not published) overruled appellant's "Motion to Vacate Sentence." In that order a review in detail was made as to all factual matters established at the two hearings held on appellant's motion, as well as those shown of record relating to appellant's commission of the crimes with which he was charged; his appearances in Court—with counsel—; the circumstances surrounding his execution of waiver of indictment and consent to the filing of an information; his entry of a plea of guilty, and sentence subsequently imposed. Such matter appearing in great detail, no useful purpose would be served by our making any abridgement thereof. Any casual perusal of the record before us will reveal that there is no merit to appellant's contentions that— "the trial court's order does not set out the findings of facts" on which appellant's § 2255 motion was ruled;—also his assertion that error exists because Judge Duncan did not "have appellant examined by a psychiatrist";—and that "evidence of (appellant's) insanity" at the time of entering his plea of guilty and at post court appearances "was compelling"—are frivolous. Hence, the only matters we need to be concerned with in this appeal are appellant's assignments of error questioning whether there is any responsible evidence in this record establishing with any reasonable degree of probability mental incompetency on his part to comprehend and factually understand the nature of the charges made against him at the time of his appearance in the District Court when entering his plea of guilty; his ability to then rationally consult with court-appointed counsel in relation to such charges; and whether his pleas of guilty were understandingly and voluntarily entered. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

It was on November 28, 1962, that petitioner and three other persons were arrested by State Police Officers, at a road-block, in an automobile previously publicized over radio as the "bandits' car" in possession of two guns and a paper sack containing all the money taken in the robbery of the federally-insured bank. There is no contention here made as to the validity of his arrest, nor that the written confessions subsequently made and signed by appellant and his companions on the same day were other than voluntary. Thereafter, appellant and two of his companions were taken before a United States Commissioner where they waived hearing on the charges then made and filed against them. Consequently, the three were bound over to the District Court for trial on such charges. When appellant appeared in the District Court he was represented by court-appointed counsel. His two companions were represented by retained counsel. Appellant had consulted with his court-appointed counsel prior to his appearance in the District Court. Thereafter, in open court, he and his two companions, all appearing with counsel, executed written waivers of indictment. After arraignment, entry of pleas of guilty to the charges made against them and allocution was granted, they were duly sentenced.

As above noted, five and one-half months later appellant filed his § 2255 motion, in which factual matter was formally stated (with quotations from numerous authorities) to which appellant made verification under oath.[2] At the first hearing held on said motion, evi-

2. Appellant admitted the draftsman of such motion was a fellow prisoner, whom he refused to name because of apprehension as to violation of some regulation of the penal institution in which he was then confined. He also professed ignorance and lack of memory as to where that scrivener obtained knowledge of the factual data that was contained in such motion.

dence was adduced by the Government as to matter appearing in Veterans Administration records, relating to appellant's confinement and treatment at the Veterans Administration Hospital located in Kansas City, Missouri; also, testimony of the physician who attended appellant during his confinement in such hospital; and likewise, testimony of the Chief Medical Officer of the United States Public Health Service, assigned to Leavenworth Penitentiary pursuant to § 4241, Title 18 U.S.C.A. Counsel appointed to represent appellant and who was present at the time of his arraignment, waiver of indictment, and sentence, also testified at that hearing; as did two members of the Federal Bureau of Investigation.

It was at the conclusion of the hearing held on July 1, 1963, that petitioner stated to the Court that as a result of his confinement in the Leavenworth Penitentiary he was unable to subpoena witnesses whom he desired to testify on his behalf in support of the allegations of his motion. Thereupon, Judge Duncan made inquiry of appellant: "Whom do you want, what witnesses do you want?" It was then that appellant was instructed to give the names of all persons he desired to call as witnesses for appearance in the District Court on August 12, 1963, at a continued hearing on his § 2255 motion. On the last-mentioned date, eight (8) lay witnesses (friends and relatives) named by appellant were duly subpoenaed, appeared, and gave testimony. Though not sworn as a witness, because of appellant's prior assertion that he did not desire to testify, it is apparent from the record that he was given great latitude to make any factual statements he desired to, at both the above-referred-to hearings.

In the interim between the hearings held on appellant's motion, he mailed to the District Court a second application for appointment of "counsel to represent him at the hearing set for the 12th day of August, 1963." By formal order entered of record, such request was denied.[3] It is now asserted before us: "The lower court erred in failing to appoint counsel for appellant to aid him in asserting all his factual bases of alleged incompetency."

There is no merit to that assignment of error. As said in United States v. Hayman, 342 U.S. 205, 222, 72 S.Ct. 263, 274, 96 L.Ed. 232: "Unlike the criminal trial where the guilt of the defendant is in issue * * * a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction." The remedy provided by that statute "is a special civil rather than a criminal proceeding even though it attacks a criminal conviction." Taylor v. United States, 229 F.2d 826, 832 (8 Cir. 1956). See also, Skinner v. United States, 326 F.2d 594 (8 Cir. 1964). The remedy provided by § 2255 "cannot be used as a substitute for a motion for a new trial nor for an appeal," (page 833 of 229 F.2d) nor is the issue of petitioner's guilt or innocence involved in such a proceeding. Hence, a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals. The appointment of counsel in relation to the presentation of a § 2255 motion is within the sound discretion of the court to which such motion is addressed. McCartney v. United States, 311 F.2d 475 (7 Cir. 1963), cert. den. 374

---

3. Seemingly, District Judge Duncan was uninformed that appellant had filed a previous application for appointment of counsel, since no ruling appears in respect thereto prior to the time of commencement of the first hearing held on this 2255 motion.

 However, it appears such motion, together with the second motion filed by appellant, were both denied before the

adjourned hearing commenced. At that time it clearly appears in the record that the contention made by appellant—that he was mentally incompetent at the time of his appearance in the District Court when he executed a waiver of indictment, consent to the filing of an information, entered plea of guilty thereto, and was sentenced—was frivolous.

U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068. See also (United States v. Caufield, 207 F.2d 278 (7 Cir. 1953); Richardson v. United States, 199 F.2d 333 (10 Cir. 1952); Crowe v. United States, 175 F.2d 799 (4 Cir. 1949), cert. den. 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehear. den. 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341. That the issue here raised as to appointment of counsel is frivolous is made manifest in the record before us. It would have been an imposition on any counsel had the District Court taken affirmative action on appellant's application for the appointment of counsel under the circumstances here revealed. Cf. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2 Cir. 1960); Clatterbuck v. United States, 105 U.S.App. D.C. 295, 266 F.2d 893 (1959); Richardson v. United States, 217 F.2d 696 (8 Cir. 1954).

 Appellant's contention that "evidence of (his) insanity" at the time he entered a plea of guilty to the charges made against him was "compelling" is wholly untenable. We shall not undertake any abridgement of the record evidence on that subject. It is deemed sufficient to point out that the very most that may be inferred from the testimony adduced by appellant's several lay witnesses who testified at the adjourned hearing is * * * that in times past appellant suffered from "black-outs" and that his idiosyncrasies were such as made him unpredictable; and that his ugly moods at times made him undesirable * * *; but that is the most to be gleaned from their testimony. Two such witnesses testified that they thought he might have been mentally ill. But there is no evidence in the record before us forming a basis for any such conclusion, nor any evidence establishing that appellant did not knowingly and understandingly enter a plea of guilty to the charges made against him, as he now contends. "Presence of a mental illness does not equate with incompetency to stand trial" or enter a plea of guilty. Feguer v. United States, 302 F.2d 214, 236 (8 Cir. 1962).

A fact patently established in this record is that on the day of entering his plea of guilty to the charges made against him, appellant was represented by competent court-appointed counsel who, after previous consultation with appellant while confined in jail, was present in court when appellant and his two companions waived indictment and entered pleas of guilty to the charges made against them. There is no contention here made that appellant was ill-advised by, nor as to the competency of, court-appointed counsel; and no such conclusion can be gleaned from the record. (Taylor v. United States, 332 F.2d 918 (8 Cir. 1964).

All that here appears as to mental competency of appellant is the singular assertion made by him at the time of the initial hearing held on his § 2255 motion, "I am mentally ill"; and his then professed lack of memory as to participation in the crime for which he was apprehended within thirty (30) minutes after it was committed; also, he claimed lack of memory of ever being in the District Court at the time of entering a plea of guilty to the charge made against him. There is no evidence in this record to sustain any valid inference regarding such matters.

As above stated, on the day appellant entered his plea of guilty, he was forthwith transported to the United States Penitentiary at Leavenworth, Kansas, where he was "dressed in" and examined by the "Chief Medical Officer and Senior Psychiatrist" of that institution who, with other members of his staff, made a complete physical and mental examination of appellant. Thereafter, appellant was treated for "minor physical complaints" at which time a "psychiatric evaluation" of him was also made, based on "psychological tests," and examination given "at the time he was admitted" to that institution. It was the "opinion" of the above-mentioned Doctor:

"—both from our (previous) psychiatric examination and from discussing the circumstances of the offense

with Baker in April (1963), there was no indication of his being incompetent at the time of trial. He appeared to fully comprehend the nature of his offense and the situation that he was faced with during the trial, and while he was not happy with the sentence as the Judge has already noted, this would be the extent of our opinion that he (appellant) was competent—," (Pars. added.)

to understand the nature of the charges and to fully cooperate with counsel.

From all the evidence adduced at the two hearings held on appellant's § 2255 motion, the opinions expressed by Dr. Marshall A. Havenhill, II, the physician who attended appellant while in the Veterans Administration Hospital, and that of Dr. James L. Baker, "Chief Medical Officer and Senior Psychiatrist" of the Federal Penitentiary at Leavenworth, Kansas, supra, are the only reasonable inference to be made from the record, and such conclusion is supported by substantial evidence.

The fact that appellant received a sentence more severe than he anticipated is not ground for vacation of his sentence. Cf. Verdon v. United States, 296 F.2d 549 (8 Cir. 1961).

Affirmed.