(82 South. 22)

### BELLINGRATH v. ANDERSON.
### (3 Div. 385.)

(Supreme Court of Alabama. May 1, 1919.)

1. APPEAL AND ERROR ⬡═695(2)—REVIEW—INFORMATION BEFORE TRIAL COURT NOT BEFORE APPELLATE COURT.

In a case where the jury was afforded an opportunity to observe and inspect the machinery of defendant and its operation, action of the trial court in refusing a general affirmative charge requested by defendant will not be reviewed; the court not having before it the data presented to the trial court.

2. DAMAGES ⬡═131(1)—INJURIES TO THE PERSON—EXCESSIVE DAMAGES.

In an action for damages sustained by drinking part of a bottle of beverage put up by defendant, which bottle contained a dead mouse, $500 damages awarded by the jury *held* not excessive; plaintiff having been made acutely sick.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Action by Mrs. C. W. Anderson against W. A. Bellingrath. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Ball & Beckwith, of Montgomery, for appellant.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

McCLELLAN, J. The plaintiff (appellee) sued the defendant (appellant) for damages proximately resulting to her because of the negligence of the defendant who was engaged in bottling and selling to the retail trade, to be sold to the public, a beverage called "Coca-Cola." The plaintiff's case was this: She purchased from a retailer a bottle of "Coca-Cola," put up by the defendant, in which there was a dead mouse; innocently drank a part of the bottle; was in a degree poisoned; was made acutely sick, requiring the care of a physician; and suffered great discomfort from nausea, etc., for many hours. The jury awarded plaintiff damages in the sum of $500.

Only two questions are argued for the appellant in this court, viz.: (a) That defendant was erroneously refused the general affirmative charge, requested by him; and (b) that the damages fixed by the jury are excessive.

[1] The defendant moved the court "to have the jury go to its (i. e., defendant's) plant and inspect the machinery (which, we interpose, the defendant's evidence disclosed was used to clean and purify the bottles before they were filled, and to fill them) and to see how it was operated." The motion being granted, the bill of exceptions recites that "the jury went to defendant's plant, inspect-

ed and [the] machinery testified about, and saw the operation of this machinery." It is manifest that the jury were thus afforded, through their observation and inspection of the machinery and its operation, an opportunity for and means of information that is not now presented to this court. In such circumstances it has been consistently often ruled that review cannot be accorded the action of the trial court, or of the jury in respect of conclusions upon issues of fact, including the propriety vel non of refusing the general affirmative charge, that may have been affected by the data that is not submitted to the consideration of this court. Faught v. Leith, 201 Ala. 452, 78 South. 830; Hale v. Tenn. Co., 183 Ala. 507, 62 South. 783; Dancy v. Ratliff, 201 Ala. 162, 77 South. 688, 690; S. A. L. Ry. Co. v. Pemberton, 202 Ala. 55, 79 South. 393, 394; McPherson v. Hood, 191 Ala. 146, 67 South. 994, citing earlier cases. This court cannot therefore enter upon the review or revision of the action of the trial court in refusing the general affirmative charge requested by defendant, appellant.

[2] There is nothing to indicate that passion or prejudice operated upon the members of the jury, inciting or inducing them to award the amount of damages fixed in the verdict. The character and extent of sickness the plaintiff's evidence described as the immediate result from the drinking of the beverage out of a bottle in which there was a dead mouse—evidence to which the jury might well accord credence—forbids the entertainment of the view, pressed for appellant, that the sum awarded is excessive.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.