(88 South. 21)

**JONES v. GULF STATES STEEL CO.**
(6 Div. 181.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. **Explosives** ⊙=7—**Coal mine held not liable for explosion occurring when lump of coal was placed upon fire.**

A coal mine operator was not liable for personal injuries sustained as a result of the explosion of some explosive negligently left in a lump of coal by employés of the coal mine which was obtained from the mine by the injured person's husband, there being no privity of contract between the injured person and the coal mine, and it not appearing that defendant was engaged in the sale of coal to the general public, or to retailers for distribution to the public, the coal mine not being a manufacturer in the sense that it was its duty to make inspection of all coal for such an unexpected and unusual danger.

2. **Contracts** ⊙=186(1)—**Stranger may recover only in actions ex delicto for breach of duty not arising from contract.**

A stranger to a contract may recover only in actions ex delicto as for a breach of some duty not arising from the contract.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by Lula Jones against the Gulf States Steel Company for damages for personal injuries. From the rulings on the pleadings, plaintiff took a nonsuit and appealed. Affirmed.

Suit by appellant against appellee to recover damages for personal injuries alleged to have been sustained as the result of the explosion of some explosive concealed in a lump of coal when placed upon the fire by the plaintiff, which coal was obtained from defendant's mine.

In a number of the counts it is alleged that employés of the defendant, while acting within the line and scope of their duties in the operation of said mine, negligently placed, or negligently suffered to remain, in the coal in said mine an explosive, which said employés threw near the tipple of defendant's mine and which was procured by the husband of the plaintiff under a contract with the defendant, or some license granted by defendant. Other counts charged that the husband of plaintiff procured the coal either under a contract or under a license, or by virtue of an invitation from defendant. In count "T" it was averred that the coal was placed near the tipple of defendant's mine and that plaintiff's husband took said coal from the tipple under some contract with the defendant for valuable consideration, authorized and empowered so to do. In two counts of the complaint it is alleged that the coal was sold by the defendant to the husband of plaintiff for domestic

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

purposes, and that defendant impliedly warranted the coal to be reasonably fit for domestic purposes. In each of the counts it is shown that defendant is the wife of G. W. Jones who secured the coal from the defendant, and that each was ignorant of the dynamite concealed in the coal, and that the same exploded while she was engaged in the discharge of her domestic duties.

Numerous assignments of demurrer were interposed to each of the counts, and sustained by the trial court. Thereupon the plaintiff took a nonsuit to review the rulings of the court on the demurrers to said counts, and to that end prosecutes this appeal.

Russell & Johnson, of Oneonta, for appellant.

The case made by the ex delicto counts of the complaint fall within the three exceptions to the rule as laid down in 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303. Following cases demonstrate that they fall within the first exception: 16 Ala. App. 639, 80 South. 734; 6 N. Y. 397, 57 Am. Dec. 455; 106 Mass. 143, 8 Am. Rep. 298; 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 17; 211 Mass. 449, 98 N. E. 95; 100 U. S. 195, 25 L. Ed. 621; 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157; 117 Miss. 490, 78 South. 365; 24 R. C. L. §§ 804—7.

O. R. Hood, of Gadsden, for appellee.

The court was not in error in its rulings on the pleadings. 24 R. C. L. 512; 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; 75 Wash. 622, 135 Pac. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 140; 79 Neb. 577, 113 N. W. 158, 13 L. R. A. (N. S.) 646, 126 Am. St. Rep. 677; 67 W. Va. 335, 67 S. E. 788, 27 L. R. A. (N. S.) 893; 74 N. H. 435, 69 Atl. 120, 20 L. R. A. (N. S.) 236, 124 Am. St. Rep. 979; 221 Fed. 801, 137 C. C. A. 279, L. R. A. 1915E, 287, Ann. Cas. 1917E, 581. The case made by the complaint does not fall within any of the exceptions. 23 R. I. 381, 50 Atl. 651, 55 L. R. A. 822, 91 Am. St. Rep. 637.

GARDNER, J. Appellant, plaintiff in the court below, seeks to recover of the appellee damages sustained by an explosion occurring when a lump of coal was placed upon the fire. In numerous counts of the complaint she seeks recovery in a tort action resting the averments of negligence in that the employés of defendant in the operation of the mine negligently placed, or allowed to remain, some form of explosive in the coal.

[1] The plaintiff did not stand in privity of contract with the defendant, and it is conceded by counsel for appellant that the general rule of law is that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual rela-

tion with him, for the construction, manufacture, or sale of the articles delivered. 24 R. C. L. 408 et seq., and authorities cited.

To this rule, however, there are well-recognized exceptions, as, for instance, where defendant has been guilty of fraud or deceit in the sale of the article, or where the thing causing the injury is of an obnoxious or dangerous character. In this latter exception has been included the manufacture and sale of dangerous drugs; the leading case in this country being Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455. This authority has been subsequently cited in a number of cases, and the exception is well-nigh universally recognized. This exception has, in modern times, been extended to the manufacture and sale of unwholesome foods placed in the channels of trade and intended for consumption by the public, and third parties without any privity of contract have been permitted to recover on the theory of negligence and want of due care on the part of the original manufacturer. Tomlinson v. Armour & Co., 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; Mazetti v. Armour & Co., 75 Wash. 622, 135 Pac. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 140; Bigelow v. Maine Cent. R. R. Co., 110 Me. 105, 85 Atl. 396, 43 L. R. A. (N. S.) 627.

The Supreme Court of Tennessee, in Liggett & Myers Tobacco Co. v. Cannon, 132 Tenn. 419, 178 S. W. 1009, L. R. A. 1916A, 940, Ann. Cas. 1917A, 179, declined to extend the rule so as to authorize such a suit against a manufacturer of tobacco; but the Mississippi court held to the contrary in Pillars v. R. J. Reynolds Tobacco Co., 117 Miss. 490, 78 South. 365. The exception has likewise been extended to the manufacturer of soft drinks. Watson v. Augusta Brew. Co., 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157; Jackson Coco-Cola Bottling Co. v. Chapman, 106 Miss. 864, 64 South. 791; Crigger v. Coco-Cola Bottling Co., 132 Tenn. 545, 179 S. W. 155, L. R. A. 1916B, 877, Ann. Cas. 1917B, 572.

In Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22, a judgment by the ultimate consumer in an action of tort declaring upon the negligence of the manufacturer of beverages was sustained without discussion of the principles here involved, as they were not controverted or in any manner attacked by counsel.

By some courts the exception has also been extended to cover the negligent manufacturer of automobiles. Olds Motor Wks. v. Shaffer, 145 Ky. 616, 140 S. W. 1047, 37 L. R. A. (N. S.) 560, Ann. Cas. 1913B, 689; MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440. The exception was denied application in Cadillac Motor Car Co. v. Johnson, 221 Fed. 801, 137 C. C. A. 279, L. R. A. 1915E, 287, Ann. Cas. 1917E, 581.

JONES v. GULF STATES STEEL CO. 293

Many authorities are also reviewed in Huset v. Case Threshing Co., 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303. See, also, Morton v. Sewall, 106 Mass. 143, 8 Am. Rep. 298; Bishop v. Weber, 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715; Standard Oil Co. v. Parrish, 145 Fed. 829, 76 C. C. A. 405; Hasbrouck v. Armour & Co., 139 Wis. 357, 121 N. W. 157, 23 L. R. A. (N. S.) 876. In the foregoing authorities, with the notes cited thereto, will be found a discussion of the exceptions to the general rule above stated, and the particular exception insisted upon by counsel as applicable to the instant case.

It is argued with much force that if the ultimate consumer, who is without privity of contract, may recover against a manufacturer and dealer in drugs, canned foods, and bottled drinks, for damages resulting from the negligent manufacture of such articles, that the same rule should apply to the operator of a coal mine who disposed of coal for domestic purposes wherein, through the negligence of some of its employés, was concealed some explosive causing damage. We are persuaded, however, that the underlying principle of these cases, and the foundation for this exception to the general rule, is not broad enough to cover the case made by the negligence counts in this complaint. It is to be noted that the complaint does not allege that defendant was engaged in the sale of coal to the general public or to retailers for distribution to the public, but for aught that appears defendant was mining coal for its own use, and the procurement of coal by the plaintiff's husband was but a more or less isolated transaction. As said in 24 R. C. L. 514:

"It has been observed that the real ground of liability of the seller to an ultimate consumer is, more properly speaking, a duty one owes to the public not to put out articles to be sold upon the markets for use injurious in their nature, of which the general public have not means of inspection to protect themselves."

In the same authority and supported by numerous cases is the following:

"The foundation of liability here, as elsewhere, is a superior knowledge of the manufacturer or seller as to the peril embodied in the article sold."

The exception here referred to grew out of the necessity of the case, sustaining a wise public policy for the protection of human life and health, and placed upon the manufacturer and vendor of drugs, foods, and beverages, a high degree of care because of their superior knowledge of the articles manufactured, and the necessary reliance which the public must place upon them. As expressed in Magetti v. Armour & Co., 75 Wash. 628, 135 Pac. 635, 48 L. R. A. (N. S.) 223, Ann. Cas. 1915C, 142, supra, that such manufacturers "having an opportunity to investigate, and thereby know the quality of their merchandise," are charged with a high degree of responsibility, and in manufacturing and placing on the market for the consumption of the general public, the law requires of them the exercise of a high degree of care to determine that no foreign and deleterious substance shall enter into the article, and that the public shall not be deceived thereby.

In the instant case, the defendant was not dealing with a dangerous article, and one from the use of which any harm would reasonably be anticipated. There is no averment that the defendant knew of the existence of this explosive in the lump of coal, nor is there anything to indicate that it was the duty of the defendant to inspect the coal before allowing the plaintiff's husband to procure the same for domestic purposes. Indeed, we think it must be admitted that the unfortunate accident here set up is most unusual. The cases cited by counsel have been previously noted herein—none of which are analogous—and our somewhat extended research has failed to disclose one of like nature. What was said by the Supreme Court of Wisconsin in the case of Hasbrouck v. Armour & Co., supra, where a needle was found imbedded in a cake of soap, is applicable to the present situation where an unexploded dynamite cap was found in a lump of coal; the court saying:

"The unintentional and negligent dropping of a needle into the mixture is a remote possibility, an extraordinary occurrence."

And further in the opinion the court quotes the following definition of "negligence":

"Negligence in law is not mere carelessness, but is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonably probable result thereof."

In the case of MacPherson v. Buick Motor Car Co., supra, discussing the danger, and knowledge thereof on the part of the manufacturer, the court said:

"There must be knowledge of a danger, not merely possible, but probable. It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract. * * * If danger was to be expected as reasonably certain, there was a duty of vigilance, and this whether you call the danger inherent or imminent."

The defendant here is not charged so much with negligently mining the coal as with the consequence of the disposal thereof to the plaintiff's husband. The defendant is not a manufacturer, certainly not in the sense treated by the authorities cited herein, and therefore is not presumed to make in-

spection of all coal for so unexpected and unusual a danger as set forth in the complaint, and, indeed, an inspection of each lump of coal for such purpose would be wholly impracticable. Therefore the defendant was not expected to have a superior knowledge of such danger. However, we will not prolong the discussion, for we are clear to the conclusion that the complaint here fails to show a case within the exception noted, and the demurrers taking the point were properly sustained.

[2] Two of the counts seek recovery as for a breach of an implied warranty. There was no privity of contract between the plaintiff and defendant, and the decided weight of authority holds to the view that a stranger to the contract may recover only in actions ex delicto as for a breach of some duty not arising from the contract. Some of the authorities above cited give some discussion to this question, and we are of the opinion that our own cases of Ellis v. B'ham, Waterworks Co., 187 Ala. 552, 65 South. 805, and Lovejoy v. Bessemer Waterworks Co., 146 Ala. 374, 41 South. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068, lead to like result. The demurrers to these counts were also properly sustained.

We therefore conclude that the judgment of the trial court should be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.