(89 South. 64)

## BIRMINGHAM CHERO-COLA BOTTLING CO. v. CLARK. (6 Div. 294.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

**1. Sales ⊕⇒255—Implied warranty does not make warrantor liable to buyer's customer.**

The warranty of the seller of personal property does not, as a rule, impose liability upon him as to third persons who are not parties to the contract, the doctrine of covenants running with the land applying only to real estate, so that the benefit of a warranty does not run with the chattel to the original buyer's customer.

**2. Negligence ⊕⇒27—Manufacturer not liable to third persons without contractual relations.**

As a general rule, the manufacturer or seller of chattels is not liable to third persons who have no contractual relations with him for negligence in the manufacture or sale of the chattels, though there are exceptions as to articles of dangerous or of noxious character.

**3. Food ⊕⇒25—Liability of manufacturer of unwholesome food to ultimate consumer is founded on tort.**

The liability of a manufacturer of soft drinks intended for human consumption to a purchaser from an intermediate dealer, who was made sick by consuming a drink unfit for such consumption, is founded on tort, and not on contract, so that the consumer cannot recover without showing the manufacturer's negligence.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by W. G. Clark against the Birmingham Chero-Cola Bottling Company for damages for putting upon the market a drink in a bottle containing flies. Judgment for plaintiff, and defendant appeals. Transfer-

<hr>

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 17 Ala. App. 656.

red from Court of Appeals, under section 6, Acts 1911, p. 449. Reversed and remanded.

Amended count 1 is as follows:

First count. The plaintiff claims of the defendant the sum $5,000 as damages, for that, heretofore, on, to wit, May 10, 1919, and prior thereto, the defendant was engaged in the business of bottling a soft drink known as Chero-Cola, and placing the same upon the market to be retailed for human consumption; that prior to that date the defendant had sold to a merchant at Pinkney City, in Jefferson county, Ala., a bottle of said Chero-Cola containing unwholesome and poisonous foreign substance, to wit, flies, to be in turn sold by the said merchant at retail for human consumption, and on said date the plaintiff purchased from the said merchant said bottle of Chero-Cola so sold by the defendant, and which contained unwholesome and poisonous foreign substance, to wit, flies, and plaintiff drank from said bottle, and as a proximate consequence of defendant's act in supplying said soft drink containing said unwholesome and poisonous foreign substance plaintiff was made very sick, he suffered great physical pain and mental anguish, nausea, was caused to expend money, or become liable therefor for medical treatment, his physical stamina was greatly impaired, he was put to great inconvenience and annoyance, all to plaintiff's great damage in the sum aforesaid.

The demurrers take the point decided in the opinion. The following charges were refused to the defendant:

"I charge you that the defendant in this case was not, so far as the plaintiff is concerned, an insurer or guarantor against its bottles containing flies."

"The court charges the jury that if you believe the evidence you cannot find that there was an absolute insurance on the part of the defendant to those who purchased from retailers that its bottled product did not contain flies."

"You cannot find a verdict for the plaintiff in this case unless he has reasonably satisfied you from the evidence that the defendant, in the preparation and bottling of the Chero-Cola, did not use that degree of care ordinarily exercised by persons skilled in the business of preparing such drinks for distribution and sale to the public."

"If you believe from the evidence in this case that the defendant in the preparation and bottling of its Chero-Cola used that degree of care ordinarily exercised by persons skilled in the business of preparing similar drinks for distribution and sale to the public, then I charge you that plaintiff cannot recover."

The defendant excepted, separately and severally, to the following portions of the court's oral charge:

"1. The first count is a count upon an implied warranty.

"2. When a manufacturer puts forth sealed articles for human food or human consumption, there is, as to the consumer who buys in the due course of trade from this manufactured article thus put up in sealed packages, an implied warranty on the part of the manufacturer that such food or drink, as the case may be, intended for human consumption, is reasonably fit for human consumption.

"3. That is an implied warranty springing out of the relation of the manufacturer and the ultimate consumer, the manufacturer selecting the food or drink and preparing it for consumption, putting it up in a sealed package, which the ultimate consumer eats or drinks, as the case may be, upon the faith of that implied warranty that such food so held out and put up in sealed packages by the manufacturer is reasonably fit for human consumption.

"4. In other words, that relation is a contractual relation.

"5. In other words, it is an implied contract or an implied warranty between manufacturer thus putting up sealed packages of food or drink and persons who in due course of trade purchase such article and eat or drink it upon the faith of such implied warranty.

"6. So that, under the first count, which is the count of implied warranty, you should address yourselves to the consideration of the question, Was the drink in question reasonably fit for human consumption?

"7. Was it put up by the manufacturer and sold in due course of trade and purchased from a retailer by the plaintiff in due course of trade; and was that drink unwholesome, and not reasonably fit for human consumption?

"8. If you answer that question in the affirmative, then there would be a breach of contract existing between the manufacturer and the consumer an implied warranty that it was reasonably fit for human consumption.

"9. And if you should find it was not so fit, reasonably, for human consumption, there would be a breach of contract which would entitle the plaintiff to recover for such damages as you might find from a consideration of all the evidence as proximately followed or ensued as a result of his having taken or drunk the beverage in question, if you should so find was reasonably unfit for human consumption, under such implied warranty.

"10. If you should find that he was injured as a direct, proximate consequence of that, as I have just explained, he would be entitled to recover for his nausea and sickness and his physical pain, if any, which directly ensued as a natural and proximate consequence of the wrong complained of."

T. A. Saulsberry and Percy, Benners & Burr, all of Birmingham, for appellant.

An implied warranty must necessarily and logically spring from contractual relations existing between the parties. 76 Tex. Cr. R. 379, 175 S. W. 155, and authorities there cited. The defendant in this case was liable only for negligence or for a negligent breach of duty. 132 Tenn. 23, 177 S. W. 80; 10 Neb. 349, 6 N. W. 397; 6 N. Y. 397, 57 Am. Dec. 455; 219 Ill. 421, 76 N. E. 573; 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; 57 Me. 151, 52 Am. Rep. 758; 85 Wis. 492, 55 N. W. 705, 22 L. R. A. 195, 39 Am. St. Rep. 864; 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303; 101 S. E. 776. The

effect of a decision in the lower court was to make the manufacturer the absolute insurer of its drink and was wrong. 47 Mich. 576, 11 N. W. 392, 41 Am. Rep. 733; 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715; 88 Conn. 314, 91 Atl. 533, L. R. A. 1915B, 481, Ann. Cas. 1916D, 917; 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 484; 183 Ala. 415, 62 South. 851; 101 Wis. 258, 77 N. W. 725, 43 L. R. A. 117, 70 Am. St. Rep. 911; 16 Ala. App. 639, 80 South. 734; 7 Ala. App. 599, 61 South. 42; 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86.

Burgin & Jenkins, of Birmingham, for appellee.

This case is ruled by the case published in 16 Ala. App. 639, 80 South. 734. Plaintiff was entitled to recover on the implied warranty. 65 Ala. 190; 74 Ala. 370; 108 Ala. 167, 19 South. 370; 101 Ala. 333, 13 South. 385.

ANDERSON, C. J. The question involved upon this appeal is whether or not this defendant, who prepared and put upon the market a bottle of beverage, purchased by the plaintiff from an intermediate dealer, and who was made sick from drinking same, because it contained a fly, can recover in an action ex contractu as for the breach of an implied warranty, or is confined to an action of tort for negligence.

[1] The warranty of the seller of personal property does not, as a rule, impose any liability upon him as to third persons who are in no way a party to the contract. 24 R. C. L. p. 158, § 431. The common-law doctrine of covenants running with the land applies only to real estate, and it is well settled as a common-law rule that the benefit of a warranty does not run with the chattel on its resale so as to give the subpurchaser any right of action thereon as against the original seller. 24 R. C. L. p. 159; Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am. Dec. 317.

[2] It is also stated as a rule of law that a manufacturer or seller is not liable to third persons who have no contractual relations with him for negligence in the construction, manufacture, or sale of articles manufactured or sold. To this rule the courts have very generally recognized exceptions as to articles of a dangerous or obnoxious character, unwholesome foods, etc. Lula Jones v. Gulf States Steel Co., ante, p. 291, 88 South. 21.

[3] As it ordinarily is stated, an act of negligence of a manufacturer or seller, which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third persons who suffer from the negligence regardless of the privity of con-

tract. The basis for this rule, however, is found in tort, and not in contract.

"It has been observed that the real ground of liability of the seller to an ultimate consumer is, more properly speaking, a duty one owes to the public not to put out articles to be sold upon the markets for use injurious in their nature, of which the general public have no means of inspection to protect themselves." 24 R. C. L. § 806, p. 514; Crigger v. Coca-Cola Bottling Co., 132 Tenn. 545, 179 S. W. 155, L. R. A. 1916B, 877, Ann. Cas. 1917B, 572; Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S. W. 1047, 37 L. R. A. (N. S.) 560, Ann. Cas. 1913B, 689; Valeri v. Pullman Co. (D. C.) 218 Fed. 519.

The case of Dothan Chero-Cola Bottling Co. v. Weeks, 16 Ala. App. 639, 80 South. 734, by the Alabama Court of Appeals, and which seems to have been followed by the trial court, is not in line with the best-considered cases. Indeed, the only case which we have found that supports the holding in said case is the Mississippi case of Jackson Coca-Cola Co. v. Chapman, 106 Miss. 864, 64 South. 791. This case seems to be rested exclusively upon the case of Watson v. Augusta Brewing Co., 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157. We do not construe this Watson Case, supra, as holding that the plaintiff could recover upon an implied warranty, as it is there said:

"The duty not negligently to injure is due by the manufacturer, in a case of the particular character of the one under consideration, not merely to the dealer to whom he sells his product, but to the general public for whom his wares are intended"—citing Blood Balm Co. v. Cooper, 83 Ga. 457, 10 S. E. 118, 5 L. R. A. 612, 20 Am. St. Rep. 324.

The opinion in this last case is also in line with the authorities which hold that the plaintiff must recover in tort, and not contract, as the opinion says:

"The liability of the plaintiff in error to the person injured arises, not by contract, but for a wrong committed by the proprietor in the prescription and direction as to the dose that should be taken."

Our recent case of Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22, was an action in tort for the negligence of the defendant, who was the manufacturer of the beverage.

The action of the trial court in overruling the defendants' demurrer to amended count 1, as well as in instructions given and refused, did not conform to the law, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. Counsel in brief for rehearing have cited the case of Mazetti v

Armour & Co., 75 Wash. 622, 135 Pac. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 140, as supporting the Dothan Chero-Cola Case, supra, and the Mississippi case of Jackson Coca-Cola Co. v. Chapman, 106 Miss. 864, 64 South. 791. This case was not cited upon the original consideration of this case, and was not discovered by the court upon the investigation of this question. It does support the two cases, supra, and opposes the present holding; but it is not in line with the great weight of authority, including our own case of Jones v. Gulf States Steel Co., 88 South. 21.[1] An examination of the note in 48 L. R. A. (N. S.) 213, where said Washington Case is reported, and previous notes there referred to, will show that this case is opposed by the great weight of authority.

The application for rehearing is overruled.

SAYRE, GARDNER, and MILLER, JJ., concur.