(92 South. 657)

## WHISTLE BOTTLING CO. v. SEARSON.
### (6 Div. 627.)

(Supreme Court of Alabama. April 27, 1922.)

1. Food ☞25—Count against manufacturer of bottled beverage causing illness of person drinking it held sufficient.

A count alleging that defendant was engaged in the bottling of a beverage distributed to merchants to be sold at retail for the purpose of human consumption, that it prepared a portion of the beverage which in due course of business was purchased by a merchant and retailed for plaintiff's use and consumption, and that defendant's servants, acting within the line and scope of their authority, negligently permitted said bottle to be unsuitable and unfit for human consumption by reason of it having therein an insect which made it sickening to any person who consumed it, and that plaintiff drank a portion of it, and as a proximate result of defendant's negligence was made sick, sufficiently alleges a duty owed by defendant to the public, a negligent breach of the duty, an injury to plaintiff as a proximate result, and is sufficient.

2. Evidence ☞473—Plaintiff can testify as a collective fact that he suffered.

In an action for personal injuries, suffering by plaintiff is a collective fact known to him concerning which he can testify.

3. Appeal and error ☞263(1)—Exception to charge is necessary to review of it.

An assignment of error based on a part of the oral charge cannot be considered on appeal where no exception was reserved to it in the trial court.

4. Food ☞25—Requested charge denying recovery for selling unfit beverage if defendant used care of others in the same business was incorrect.

A requested charge that, if the defendant used the degree of care and diligence that persons engaged in the same kind of business would have used, etc., did not correctly define negligence, since it did not require the degree of care of an ordinarily careful and diligent person engaged in that business.

5. Food ☞25—Requested charge denying recovery on proof alone plaintiff drank beverage with bug in it should have been given.

In an action for personal injuries caused by drinking a beverage containing a bug, a charge requested by defendant that the jury could not find for plaintiff on account of the fact alone that plaintiff drank from a bottle of defendant's preparation which contained a bug should have been given.

6. Appeal and error ☞1170(9)—Refusal of requested charge otherwise covered does not require reversal.

The erroneous refusal of a requested charge not to find for plaintiff on proof of one fact alone does not require reversal where the point was sufficiently covered by another charge which correctly stated the facts which must be established by plaintiff to entitle him to recover, in view of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by E. A. Searson against the Whistle Bottling Company for damages for selling a beverage unfit for human consumption. Judgment for the plaintiff, and the defendant

appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count 2 of the complaint as amended is as follows:

(2) Plaintiff claims of the defendant the further and additional sum of $5,000 damages for that on and prior to the 28th day of October, 1918, defendant was engaged in the manufacture, preparation, and bottling of a beverage known and designated by the name of 'Whistle,' which said beverage, after being so prepared and bottled, was sold and distributed to merchants to be sold by them at retail for the purpose of human consumption as a beverage. Plaintiff further avers that in the course of the said business the defendant, by and through its servants, agents, or employees, acting within the line and scope of their duty as such, prepared, manufactured, and bottled a portion of said beverage, which in due course of business was purchased and received by a merchant in Pratt City, Ala., named J. H. Lacy, and was by him retailed to Thomas Dunlap in the presence of the plaintiff and for plaintiff's use and consumption of said beverage, and plaintiff further avers that the defendant's servants, agents, or employees, acting within the line and scope of their authority as such, negligently permitted said bottle of said beverage to be unsuitable and unfit, in a reasonable manner, for human consumption, by reason of it having therein a bug or insect of some kind, which made it nauseating, sickening, and dangerous to any person who consumed the said beverage, and plaintiff further avers that said Thomas Dunlap purchased said bottle of said beverage for plaintiff's use and consumption, and plaintiff drank a portion of same, and as a proximate result of the defendant's negligence as aforesaid was made sick, etc.

The demurrers are that the complaint does not state facts sufficient to constitute a cause of action. The negligence alleged is merely a conclusion of the pleader. It does not appear what duty, if any, defendant may have owed to plaintiff nor with sufficient certainty wherein defendant violated any duty owed to plaintiff. The negligence is not sufficiently set out, and no causal connection is shown.

Stokley, Scrivner & Dominick, of Birmingham, for appellant.

The second count was subject to the demurrers. 89 South. 624; 205 Ala. 589, 88 South. 857. The manufacturer is not a warrantor, and the remedy of a purchaser from an intermediate dealer is in tort, and not in contract. 205 Ala. 678, 89 South. 64, 17 A. L. R. 667.

Black, Altman & Harris and T. E. McCullough, all of Birmingham, for appellee.

A manufacturer of drinks, intended for consumption, is liable to third persons for negligence in its preparation. 203 Ala. 62, 82 South. 22; 205 Ala. 291, 88 South. 21; 205 Ala. 678, 89 South. 64, 17 A. L. R. 667.

Count 2 was not subject to the demurrer. 62 South. 701; 60 Fla. 116, 53 South. 933; 89 South. 624; 205 Ala. 291, 88 South. 21; 205 Ala. 678, 89 South. 64, 17 A. L. R. 667. There was no error in the admission of evidence. 199 Ala. 377, 74 South. 580; 204 Ala. 286, 85 South. 441.

MILLER, J. This is a damage suit by E. A. Searson against the Whistle Bottling Company. The defendant was in the business of manufacturing and placing on the market in bottles a soft drink called "Whistle" for the public. A friend of plaintiff purchased from a retailer two bottles of Whistle, and gave one to plaintiff. It contained a bug called "thousand legs." Plaintiff was made sick, nauseated, and caused to suffer pain and mental anguish from drinking a portion of the contents of the bottle. There was judgment for plaintiff, and the defendant appeals.

There are two counts in the complaint. Count 1 claims damages for breach of a warranty, and count 2 for negligence. Count 1 was withdrawn, and demurrers to count 2 as amended were overruled by the court.

[1] This court has declared this rule:

"An act of negligence of a manufacturer or seller, which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third persons who suffer from the negligence regardless of the privity of contract." Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 South. 64, 17 A. L. R. 667.

"It has been observed that the real ground of liability of the seller to an ultimate consumer is, more properly speaking, a duty one owes to the public not to put out articles to be sold upon the markets for use injurious in their nature, of which the general public have no means of inspection to protect themselves." 24 R. C. L. sec. 806, p. 514; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 South. 64, 17 A. L. R. 667; Jones v. Gulf States Steel Co., 205 Ala. 291, 88 South. 21; Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22.

Count 2, when carefully read, clearly contains sufficient averments to state a cause of action; and it is not subject to the demurrers. It alleges, first, a duty owed by the defendant to the public, of which plaintiff is a member, not to manufacture a drink, and place it on the market for sale for human consumption that will be injurious in its nature to human life. It alleges, second, a negligent breach of that duty by the defendant. It avers the defendant bottled a portion of the beverage, which was purchased by a merchant to be retailed for human consumption, and that defendant "negligently permitted said bottle of said beverage to be unsuitable and unfit, in a reasonable manner, for human consumption, by reason of it hav-

ing therein a bug or insect of some kind, which made it nauseating, sickening, and dangerous to any person who consumed the said beverage." It alleges, third, an injury to plaintiff as a proximate result of that negligence. It avers the bottle as retailed to Thomas Dunlap in the presence of and for plaintiff's use and plaintiff drank a portion of it, was made sick, became nauseated thereby, and suffered pain therefrom. All of the three essential elements necessary to be averred in an action based on negligence to state a right of recovery sufficiently appear in this count. Tenn. C. I. & R. Co. v. Smith, 171 Ala. 251, 55 South. 170. The court did not err in overruling the demurrers to count 2. Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 South. 64, 17 A. L. R. 667; Jones v. Gulf States Steel Co., 205 Ala. 291, 88 South. 21; Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22.

[2] Plaintiff was asked this question over objection of the defendant, "Did you suffer any during that time?" to which he answered, "Yes, sir; I suffered that time with my stomach, and have suffered since." In this there was no error. Suffering is a collective fact, known to the party enduring and feeling it, and he may testify to it. He feels the pain, knows it is there, and can give testimony concerning it. Thornton v. State, 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97; Birmingham Ry. & Elec. Co. v. Franscomb, 124 Ala. 621, 27 South. 508.

[3] There is an assignment of error based on a part of the oral charge of the court. It cannot be considered by this court on appeal, as no exception was reserved to it in the trial court. Mooneyham v. Herring, 204 Ala. 332, 85 South. 390; McPherson v. State, 198 Ala. 5, 73 South. 387.

[4] Charge 5, requested by the defendant, was refused by the court. It reads:

"The court charges the jury that if, under the evidence and issues in this case, if the defendant on the occasion complained of used that degree of care and diligence that persons engaged in the same kind of business would have used, you should return a verdict for the defendant, and this would be true regardless of whether there may have been a bug in the bottle out of which the plaintiff drank."

It does not state correctly the law of negligence. It does not correctly define negligence. It directs a verdict for defendant, if it used that degree of care and diligence that persons engaged in the same kind of business would have used, without stating if the defendant used that degree of care and diligence that any ordinarily careful and diligent person engaged in a similar business would have used under similar circumstances. This charge assumes that if what the defendant did, if the same was done by other persons engaged in the same business, whether they were ordinarily careful or prudent persons or not, then the defendant was guilty of no negligence, and the jury should return a verdict for the defendant. Travis v. L. & N. R. Co., 183 Ala. 415, 62 South. 851; Sweet v. Birmingham, R. & E. Co., 136 Ala. 166, 33 South. 886.

[5] This charge, numbered 1, requested by defendant, was refused by the court:

"The court charges the jury that you cannot find for the plaintiff on account alone of the fact that plaintiff may have taken a drink of Whistle from a bottle with a bug in it."

It is true there are other allegations than those stated in this charge, which are necessary to be established to the reasonable satisfaction of the jury before plaintiff should recover. These necessary facts were clearly stated to the jury in written charges, given at defendant's request, numbered 9 and 10, and by the following part of the oral charge of the court:

"Under that state of pleadings the burden is on the plaintiff to reasonably satisfy you of the truth of the material allegations of the plaintiff's complaint. In other words, the burden is on the plaintiff to reasonably satisfy you from the evidence that he drank a bottle or a portion of a bottle of beverage that was bottled by the defendant company, and that he was made sick by it, and that his sickness was proximately caused by the negligence of the defendant, or its servants, agents, or employees, in allowing a foreign substance, alleged to have been a bug, or other foreign substance, to be in the bottle and thereby make him sick."

[6] This charge, numbered 1, should have been given, as it contains a correct statement of the law; still its refusal will not cause a reversal of the case, as the rule of law was substantially and fairly given the jury in the court's oral charge, and in written charges given at the request of defendant. Section 5364, Code 1907, as amended Gen. Acts 1915, p. 815.

As we find no reversible error, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.