(118 So. 498)

**BUFFALO ROCK BOTTLING CO. v. STEPHENSON.** (3 Div. 603.)

Court of Appeals of Alabama. Oct. 30, 1928.

Steiner, Crum & Weil, of Montgomery, for appellant.

606

Foster & Foster and W. J. Fuller, all of Montgomery, for appellee.

RICE, J. Plaintiff (appellee) sued defendant (appellant) for damages for personal injuries resulting from drinking a beverage, known as "Nugrape," bottled and sold by defendant for human consumption. The complaint alleges that—

"Defendant's servants, agents or employés, acting within the line and scope of their authority as such, negligently permitted said bottle of said beverage to be unsuitable, deleterious, unwholesome and unfit, in a reasonable manner, for human consumption, by reason of it having therein a roach, which made it nauseating, sickening, and dangerous to any person who consumed said beverage."

It is further alleged that one Brown purchased said bottle of beverage for plaintiff's use, that she drank it, and as a proximate result of defendant's negligence was made sick, etc.

Defendant pleaded the general issue and contributory negligence.

Plaintiff's evidence tended to show that the bottled beverage was purchased by a companion for her use; that she drank a part of it and detected an unpleasant flavor; that she commented on this fact to one of her companions, who advised her not to drink it; that she did, notwithstanding this suggestion and despite the persistent "rotten tang," drink all or most of it; that shortly afterwards she turned sick, and on reaching her home, after an automobile ride, she became violently ill; that a physician was called and treated her, after which she vomited; that after she vomited a roach was seen, by some of those attending her, in the basin, and that the roach was not in the basin before she vomited. From the testimony of the two women present with plaintiff during her distress, the jury might well have inferred that plaintiff expelled the roach from her stomach.

Defendant complains, first, of the refusal of the affirmative charge requested by it, and this upon the theory that even though the bottled beverage contained a roach, which plaintiff drank to her sorrow, still there could be no recovery unless plaintiff went further and showed negligence on the part of defendant in permitting the roach to be there. The answer to this insistence is that—

"The presence of foreign matter deleterious to health sealed up in a bottle of soft drink is evidence of negligence." Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147.

By this we do not intend to hold that the presence of the roach in this bottle of beverage was established; merely, that there was some evidence of the fact—some evidence to show negligence. Where there is any evidence tending to prove plaintiff's right to recover, the affirmative charge is not proper to be given for the defendant.

Defendant's witnesses officers, or employés of the defendant bottling plant, testified as to the equipment of the plant and the process by which its bottles were washed, filled, and inspected.

The witness Teague, president of the defendant corporation, was asked on cross-examination:

"After the man inspects these bottles, after they are sealed up, did you ever have to discard any of them for having anything in them?"

Defendant's objection to the question was overruled, and the witness answered, "Some of them." Defendant's motion to exclude was likewise overruled. Again witness was asked:

"The man that watches the bottles in the last process"—meaning the man who inspects the bottles after they are filled—"do you ever

have to discard any for having foreign substance in it?"

Defendant's objection was overruled, and the witness answered:

"There are times we have bottles that come from junk piles very dirty, and sometimes there may be a little speck of dirt."

Defendant's motion to exclude was overruled.

In these rulings there was no error. Defendant's evidence was designed to show such an equipment and such a process as to render it unlikely for foreign matter to remain in its bottles. It was competent for plaintiff, by cross-examination, to elicit testimony tending to show fallibility in this general process. This testimony was not subject to the objection that it was res inter alios acta. The whole of the witness' direct examination related to bottles. other than the particular bottle in suit.

At the request of plaintiff, charge 2, quoted below, was given to the jury:

"The court charges the jury that unless you believe from the evidence that the defendant, in bottling the bottle of Nugrape, the contents of which plaintiff consumed, exercised the care of an ordinarily careful and diligent person engaged in that business, then you must find for the plaintiff."

The material allegations of the complaint are that plaintiff drank a bottle of beverage bottled by the defendant; that she was made sick thereby; and that her sickness was proximately caused by the negligence of the defendant's servants or agents in permitting a foreign substance—alleged to be a roach—to be in said bottle. The burden reasonably to satisfy the jury of the truth of these allegations was upon the plaintiff. See Whistle Co. v. Searson, 207 Ala. 387, 92 So. 657. The quoted charge, by making plaintiff's right of recovery to depend merely upon defendant's failure to acquit itself of negligence, would assume as facts established the allegations that there was a roach in the bottle, that plaintiff drank the contents of the bottle, and that she was made sick thereby. This was erroneous. All these were matters for the determination of the jury. No one who testified saw the bug in the bottle. Assuming for the argument that plaintiff did in fact vomit the bug, it would not follow as an inescapable fact that the bug came from the bottle. Under all the evidence, it was open to the jury to find that plaintiff's illness was due to some other cause. Moreover, the charge entirely ignored the issue of contributory negligence.

Appellee contends that, if charge 2 possesses any vice, it is in the misplacing of the burden of proof, and cites cases holding that the giving of a charge which incorrectly states the burden of proof will not work a reversal where the jury has been otherwise correctly instructed. This principle is not applicable to the charge under review, for the reasons above stated.

For the error indicated the judgment must be reversed and the cause remanded.

Reversed and remanded.