Hart, J.
The record discloses that the Court of Appeals reversed the judgment of the Common Pleas Court, on the ground “that the Court of Common Pleas erred in its general charge to the jury after argument.” From the opinion of the Court of Appeals it appears that it concluded that in charging on contributory negligence the trial court did not limit the charge to the second cause of action based on negligence but applied it as well to the first cause of action based upon implied warranty and thereby may have *277 erroneously precluded the plaintiffs’ recovery on that cause of action.
The court, in its general charge, first read the pleadings to the jury and then charged the law as to the first cause of action. The court immediately charged ,the law as to the second cause of action and in that connection said:
“Now, members of the jury, further before plaintiffs could recover in this action in addition to those things which I have pointed out to you they must prove by that measure of proof which I have heretofore indicated, by a preponderance of the evidence, or greater weight of the evidence, plaintiffs’ evidence must not show that they were guilty of contributory negligence, that is that they themselves did something that contributed to their own injuries complained of. If the evidence adduced by the plaintiffs gives rise to an inference of contributory negligence on their part then it is their duty to offer additional evidence to rebut or equalize the inference that has been created.
“The defendant, the General Electric Company, in their second defense set forth an alleged claim of contributory negligence. Members of the jury, with reference to this particular defense the burden of proof is upon the defendant, The General Electric Company, to show by a preponderance of the evidence negligence on the part of the plaintiffs which negligence directly and proximately contributed to cause the damage that they sustained or complained of.” (Italics supplied.)
In this connection, it will he noted that the plaintiffs themselves requested the court to charge, before argument, on the subject of contributory negligence alleged in the defendant’s answer to plaintiffs’ second cause of action, and the court did so charge, as follows :
“Request No. VIII. You are instructed that the *278 degree of care required by law of the plaintiffs, Kenneth T. Wood and Mildred Wood, is such care as ordinarily prudent persons would exercise under all of the circumstances which you find confronted the plaintiffs, and errors in judgment on the part of the plaintiffs in trying to meet the dangers do not constitute contributory negligence if the acts done were such as ordinarily prudent persons might have been expected to do under like circumstances even though the damages would not have occurred or might have been minimized, if the plaintiffs had acted differently.”
The court did not in its general charge indicate that contributory negligence was a defense to the cause of action based upon implied warranty; neither did the plaintiffs’ request to charge No. VIII indicate to which cause of action it related. The petition clearly shows that negligence was set out in the second cause of action, whereas the answer of the defendant likewise clearly shows that contributory negligence was set up as a defense to plaintiffs’ second cause of action. These pleadings, together with the written requests to charge given before argument, were sent with the jury to the jury room and there is nothing in the record to indicate that the jury did not understand the issues or was confused by the charges relating thereto. In these respects, the charge of the court must be considered as a whole. Youngstown Municipal Ry. Co. v. Mikula, a Minor, 131 Ohio St., 17, 1 N. E. (2d), 135; Ochsner, Admr., v. Cincinnati Traction Co., 107 Ohio St., 33, 140 N. E., 644.
There is another reason why the charge of the court on contributory negligence was not prejudicial to the plaintiffs as it related to the subject of implied warranty. The blanket in question was purchased in the original package from an independent dealer. To support an implied warranty there must be contractual privity between the seller and buyer.
*279 Although a subpurchaser of an inherently dangerous article may recover from its manufacturer for negligence, in the making and furnishing of the article, causing harm to the subpurchaser or his property from a latent defect therein, no action may be maintained against such manufacturer by such subpurchaser for such harm, based upon implied warranty of fitness of the article so purchased. 46 American Jurisprudence, 934, 937, Sections 810, 812; 2 Restatement of the Law of Torts, Sections 395 and 497; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala., 678, 89 So., 64, 17 A. L. R., 667; Pelletier v. Dupont, 124 Me., 269, 128 A., 186, 39 A. L. R., 972; Kentucky Independent Oil Co. v. Schnitzler, Admr., 208 Ky., 507, 271 S. W., 570, 39 A. L. R., 979; Chysky v. Drake Bros. Co., Inc., 235 N. Y., 468, 139 N. E., 576, 27 A. L. R., 1533; Flies v. Fox Bros. Buick Co., 196 Wis., 196, 218 N. W., 855, 60 A. L. R., 357; annotations, 63 A. L. R., 349, 88 A. L. R., 534, 142 A. L. R., 1494, and 164 A. L. R., 569. Here, there was no such privity and hence no implied warranty upon the part of General Electric and no valid issue on that subject.
Furthermore, the matter here complained of — the court’s failure to specify that the charge on contributory negligeii.ee should be applied to the second cause of action — was a matter of omission, not of commission. In such a case, it is the duty of counsel for the party adversely affected to call the court’s attention-to any such omission. Otherwise it is waived. State v. McCoy, 88 Ohio St., 447, 450, 103 N. E., 136; Karr, Admr., v. Sixt, 146 Ohio St., 527, 67 N. E. (2d), 331.
The court, in the instant case, at the close of the charge said to counsel: “Now, may I ask counsel if they have any suggestions to offer with reference to the court’s charge — counsel for the plaintiffs and also counsel for the defendant? If you wish to, come to the bench.” Counsel for both parties, in response, *280 conferred with the court on another phase of the charge hut made no request concerning the matter complained of. Under the circumstances, the Court of Appeals erred in reversing the judgment of the trial court on this ground.
We also learn from the opinion of the Court of Appeals that, in its judgment, the language of the general charge was too broad in that “it does not include the proposition that the negligence of plaintiffs, to be contributory negligence, must be a proximate cause of the injuries complained of.” In this respect, the court seems to have been factually mistaken. As will be noted from the portion of the general charge above quoted, the trial court, in stating that the burden of proof of contributory negligence was upon the defendant, qualified such negligence with the phrase, “which negligence directly and proximately contributed to cause the damage that they sustained or complained of.” That was a sufficient statement on the subject.
The plaintiffs claim further that there were other errors in the trial of the case of which they complained before the Court of Appeals, which would have justified the reversal of the judgment of the Common Pleas Court but which the Court of Appeals disregarded, and that this court should sustain the reversal of the judgment on those grounds. There is no cross-appeal to this court by the plaintiffs but they take the position that these questions were covered in their assignment of errors in the Court of Appeals, and that such questions are still before this court in case this court should find that the reversal of the judgment by the Court of Appeals was in error as to the grounds upon which such reversal was predicated.
The plaintiffs claim the trial court committed reversible error in admitting the testimony of an ex *281 pert witness who testified as to experiments conducted by use of a similar blanket under dissimilar circumstances from those in question in this suit. The Court of Appeals held that this was a matter calling for the exercise of a sound discretion on the part of the trial court, and that the admission of the testimony did not constitute reversible error. This court is in accord with that view.
The plaintiffs claim also that the issue of contributory negligence was not in this case, and that the trial court erred in charging on that subject. A sufficient answer to this complaint is that, before the trial court delivered its general charge, the plaintiffs requested the court in writing to give their requested charge No. VIII, as above quoted, on the subject of contributory negligence and the same was given as requested. In view of this request, the plaintiffs may not now complain in this regard.
It is the view of this court that the Court of Appeals erred in reversing the judgment of the Common Pleas Court. The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Matthias, Zimmerman and Stewart, JJ., concur.